IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| V | * | CRIMINAL ACTION NUMBER |
| | * | 1:16-cr-00346-TWT-LTW |
| **REYNOLDS SCOTT, III,** | * | |
| | * | |
| **Defendant.** | * | |

**SENTENCING MEMORANDUM**

Now comes the Defendant, Reynolds Scott III, by and through counsel, and files this Sentencing Memorandum as follows:

**REQUEST FOR DOWNWARD VARIANCE**

The United States Supreme Court has recognized the United States Sentencing Guidelines as the starting point or the initial benchmark for sentencing. Gall v. United States, 552 U.S. 38, 128 S.Ct. 586 (2007). The Courts have further recognized that the sentencing guideline range will "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Rita v. United States, 551 U.S. 338, 127 S. Ct. at 2465. Our Supreme Court has also made it clear though that the sentencing judge "has greater familiarity with…the individual case and the individual defendant before him than the Commission or the appeals court." Id. at 2469. The sentencing Judge is therefore "in a superior position to find facts and judge their import under § 3553(a)". Gall, 552 U.S. 38, 128 S.Ct. 586 (2007).

### A. GUIDELINE LOSS AMOUNT GREATLY EXCEEDS PERSONAL GAIN

How does the Court vary a sentence for those Defendants who technically are not minor participants, but collect a much smaller share of the actual loss amount than other co-conspirators? The Guidelines offer some assistance. While the parties agreed that Mr. Scott is not technically a minor participant in the offense under USSG §3B1.2, USSG §3B1.2, comment. (n.3) suggests a lower sentence is appropriate for "a defendant who is accountable under §1B1.3 for a loss amount under §2B1.1…that greatly exceeds the defendant's personal gain from a fraud offense…"

In this case, the evidence is undisputed that Mr. Scott personally gained far less than the loss amount. Fortunately, this Court can grant a downward variance under 18 U.S.C § 3553(a) to recognize this distinguishing factor.

### B. FIRST OFFENDERS / ALTERNATIVES TO INCARCERATION

A 2017 proposed amendment to the Sentencing Guidelines sets forth a new Chapter Four guideline, at §4C1.1 (First Offenders), that would provide lower guideline ranges for "first offenders" generally and increase the availability of alternatives to incarceration for such offenders at the lower levels of the Sentencing Table.1

---

1. Because the Sentencing Commission did not have a voting quorum in time to submit the amendments for congressional review, the 2017 amendments were not promulgated. However, the wisdom of the proposed amendments remains relevant for this case, and others.

The new Chapter Four guideline would apply if [(1) the defendant did not receive any criminal history points under the rules contained in Chapter Four, Part A, and (2)] the defendant has no prior convictions of any kind. Part A of the proposed amendment sets forth two options for providing such an adjustment.

Option 1 provides a decrease of [1] level from the offense level determined under Chapters Two and Three.

Option 2 provides a decrease of [2] levels if the final offense level determined under Chapters Two and Three is less than level [16], or a decrease of [1] level if the offense level determined under Chapters Two and Three is level [16] or greater.

Part A also amends §5C1.1 to add a new subsection (g) that provides that if (1) the defendant is determined to be a first offender under §4C1.1 (First Offender), (2) [the instant offense of conviction is not a crime of violence][the defendant did not use violence or credible threats of violence or possess a firearm or other dangerous weapon in connection with the offense], and (3) the guideline range applicable to that defendant is in Zone A or Zone B of the Sentencing Table, **the court ordinarily should impose a sentence other than a sentence of imprisonment in accordance with the other sentencing options.**

**SUPPORT IN THE COMMUNITY**

Attached hereto are letters from important members of Mr. Scott's life, including family and long-time friends. (See attached). Mr. Scott also has a long-standing commitment to feeding the homeless through the Atlanta Mission.

**CONCLUSION**

Based on the foregoing sentencing memo, the government motion for downward departure for substantial assistance and the defendant's anticipated argument in response thereto, the defendant respectfully prays that this Court sentence the defendant to 3 years of probation, restitution and the other general conditions of probation.

Respectfully submitted,

s/*Steven Berne*
STEVEN P. BERNE
ATTORNEY FOR DEFENDANT
GEORGIA BAR NO. 055020

One Midtown Plaza
1360 Peachtree Street
Suite 910
Atlanta, Georgia 30309
(404) 881-5335

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1C**

This is to certify that the foregoing document was formatted in accordance with Local Rule 5.1C in Courier New font, 12 point type.

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served upon counsel of record in this case a copy of the foregoing document via the Electronic Case Filing system of the United States District Court for the Northern District of Georgia.

This __28_____ day of ____July_____, 2017.

```
                                    Respectfully submitted,


                                    s/Steven Berne_____
                                    STEVEN P. BERNE
                                    ATTORNEY FOR DEFENDANT
                                    GEORGIA BAR NO. 055020
```

One Midtown Plaza
1360 Peachtree Street
Suite 910
Atlanta, Georgia 30309
(404) 881-5335
atlantalaw@bellsouth.net