UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

**UNITED STATES OF AMERICA**

-vs-                                                                           Case No.   1:16cr346-06-TWT

**REYNOLDS SCOTT**

**Defendant's Attorney
Steven Berne**

---

**JUDGMENT IN A CRIMINAL CASE**
**(For Offenses Committed On or After November 1, 1987)**

The defendant pleaded guilty to Count(s) 1 of the Indictment.

Accordingly, the defendant is adjudged guilty of such count(s) which involves the following offense:

| Title & Section | Nature of Offense | Count No. |
|---|---|---|
| 18 USC § 286 | Conspiracy to defraud the government | 1 |

The defendant is sentenced as provided in pages 2 through 5 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

Count(s) remaining are dismissed on the motion of the United States.

It is ordered that the defendant shall pay the special assessment of **$100.00** which shall be due immediately.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.

Defendant's Soc. Sec. No.           XXX-XX-6039            Date of Imposition of Sentence: August 2, 2017
Defendant's Date of Birth:          1968
Defendant's Mailing Address:
1213 Allene Avenue Southwest, Apt # 112
Atlanta, Ga 30310

Signed this the 2nd  day of August, 2017.

/s/Thomas W. Thrash
THOMAS W. THRASH
UNITED STATES DISTRICT JUDGE

1:16cr346-06-TWT : REYNOLDS SCOTT                                                                 Page 2 of  5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **4 months**.

The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 P.M. on a date to be determined by the Bureau of Prisons.

The Court makes the following recommendations to the Bureau of Prisons: (1) That the defendant participate in the Bureau of Prisons Financial Responsibility Program and make restitution payments from any wages he may earn in prison. (2) :   That the defendant be designated to a facility which meets Bureau of Prisons criteria, that is closest to the defendant's family in the Atlanta, Georgia area.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal


1:16cr346-06-TWT : REYNOLDS SCOTT                                                                 Page 2 of  5

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **4 months**.

The Defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons before 2:00 P.M. on a date to be determined by the Bureau of Prisons.

The Court makes the following recommendations to the Bureau of Prisons: (1) That the defendant participate in the Bureau of Prisons Financial Responsibility Program and make restitution payments from any wages he may earn in prison. (2) :   That the defendant be designated to a facility which meets Bureau of Prisons criteria, that is closest to the defendant's family in the Atlanta, Georgia area.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: _____
Deputy U. S. Marshal

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of three (3) years.

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.  The defendant shall comply with the standard and special conditions that have been adopted by this court (set forth below).  If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release.  The defendant shall comply with the following additional conditions:

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall participate in the Court's Home Detention  Location Monitoring Program for a period of **four (4) months** and shall abide by all the technology requirements.  The participant shall pay all or part of the cost of participation in the location monitoring program as directed by the probation officer.  The type of location monitoring technology will be at the discretion of the probation officer, and shall be utilized to monitor the following restriction on the defendant's movement in the community as well as other court-imposed conditions of release:

You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court ordered obligations; or other activities as pre-approved by the supervision officer.

The defendant shall submit to one drug urinalysis within 15 days of placement on supervised release and at least two periodic drug tests thereafter as directed by the probation officer.

The defendant shall cooperate in the collection of DNA as directed by the probation officer, pursuant to 42 USC 14135a(d)(1) and 10 USC 1565(d), which requires mandatory DNA testing for federal offenders convicted of felony offenses.

The defendant shall not own, possess or have under his/her control any firearm, dangerous weapon or other destructive device.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, [computers (as defined in 18 USC §1030(e)(1)), other electronic communications or data storage devices or media,] or office, to a search conducted by a United States probation officer.  Failure to submit to a search may be grounds for revocation of release.  The defendant shall warn any other occupants that the premises may be subject to searches pursuant to this condition.  The defendant shall permit confiscation and/or disposal of any material considered to be contraband or any other item which may be deemed to have evidentiary value of violations of supervision.

The defendant shall pay any portion of the restitution that has not been paid in full at monthly rate of $250.00, plus 25% of monthly gross income in excess of $2,500, to the U. S. District Court Clerk for distribution to the named victim.

The defendant shall make a full and complete disclosure of finances and submit to an audit of financial documents, at the request of the United States Probation Officer.

The defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer and unless the defendant is in compliance with the installment payment  schedule.

**STANDARD CONDITIONS OF SUPERVISION**

While the defendant is on supervised release pursuant to this judgment, the defendant shall not commit another federal, state or local crime.  In addition:

.   The defendant shall not leave the judicial district without the permission of the court or probation officer;

2.  The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;

3.  The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4.  The defendant shall support his or her dependents and meet other family responsibilities;

5.  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6.  The defendant shall notify the probation officer within 72 hours of any change in residence or employment;

7.  The defendant shall refrain from the excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician, and shall submit to periodic urinalysis tests as directed by the probation officer to determine the use of any controlled substance;

8.  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9.  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. The defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**FINE**

The Court finds that the defendant does not have the ability to pay a fine and cost of incarceration.  The Court will waive the fine and cost of incarceration in this case.

**RESTITUTION**

The defendant shall make restitution in the following amounts joint and several with Charlie Shivers, Case #1:12cr181, Calvin Barnes, Sharon Ceacal, Kenneth Cottrell, Derrick Lawson, Zechariah Daniel, Anthony Shivers and Calvin C. Williams:
:

| **Name of Payee** | **Amount of Restitution** |
|---|---|
| IRS-RACS<br>Attn: Mail Stop 6261, Restitution<br>333 W. Pershing Ave<br>Kansas City, Missouri 64108 | $1,549,250.00 |

The restitution shall be paid in full immediately.

The defendant shall make restitution payments from any wages earned in prison in accordance with the Bureau of Prisons Financial Responsibility Program.  Any portion of the restitution that is not paid in full at the time of the defendant's release from imprisonment shall become a condition of supervision and be paid at the monthly rate of $250.00 plus 25% of any gross monthly income exceeding $2,500.00.

The defendant shall notify the United States Attorney for this district within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

Any payments of the restitution shall be made to Clerk, U. S. District Court, Northern District of Georgia, 2211 U. S. Courthouse, 75 Ted Turner Dr. SW, Atlanta, Georgia  30335.